UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MICHAEL DETTLAFF,**

     **Plaintiff,**

   v.          Case No. 18-CV-1620

**CARI BOSS, JULIE KRAUSE,**
**BETHANY SALAMONE, and ERIC J. LOSEE,**

     **Defendants.**

## RECOMMENDATION AND ORDER

  Currently pending before the court is plaintiff Michael J. Dettlaff's Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Dettlaff's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Dettlaff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

  However, that determination is only half of the court's inquiry. Because the court is granting Dettlaff's Request to Proceed in District Court without Prepaying the Filing Fee, the court must proceed with the second step of the analysis under 28 U.S.C. § 1915 and determine whether the complaint is legally sufficient to proceed.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In order to balance these competing concerns, before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that this case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a

court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. However, a court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and therefore be subject dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint. Dettlaff alleges "violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution, violations of Due Process of Law, obstruction to deny Access to the Courts, as well as State charges for false imprisonment and misconduct and violations of Wisconsin Administrative Code." (ECF No. 1 at 1.) He alleges that on August 15, 2012, he was on extended supervision following his release from prison when he unexpectedly saw his former girlfriend in a parking lot. (ECF No. 1 at 3-4.) A condition of his extended supervision was that he was to have no contact with her. (ECF No. 1 at 3.) Based upon this contact, he was arrested for violating the terms of his extended supervision and ordered to spend 53 days in custody as a sanction. (ECF No. 1 at 8.)

According to Dettlaff, being incarcerated interfered with his ability to pursue a lawsuit that was pending against his former girlfriend regarding the sale of certain real estate. *See* Shawano Cnty Cir. Ct. Case No. 2009CV352. He alleges his supervising agent, Cari Boss, incarcerated him to thwart his efforts in that civil case. In support, he points to a case note made by Boss wherein she indicates that Dettlaff's former girlfriend requested a 30-45 day sanction so she could close on the sale of the property by October 1, 2012. (ECF No. 1 at 5.)

In order to state a claim regarding the denial of meaningful access to the court, a plaintiff must specifically allege how the alleged denial resulted in prejudice in pending or contemplated non-frivolous litigation. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Carcione v. Jones*, No. 17-cv-700-JPG, 2017 U.S. Dist. LEXIS 145047, at *17 (S.D. Ill. Sep. 7, 2017) (citing *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992); *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Spradlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987)). "Vague or conclusory allegations to this effect will not support a claim." *Kitterman v. Dennison*, No. 17-cv-00290-SMY, 2017 U.S. Dist. LEXIS 77444, at *13 (S.D. Ill. May 22, 2017).

Dettlaff has not alleged that his incarceration prejudiced him in the Shawano County civil action. Court records in that case, which the court considers pursuant to

5

Case 2:18-cv-01620-PP    Filed 10/18/18    Page 5 of 10    Document 4

Fed. R. Evid. 201(b)(2), fail to indicate how Dettlaff's incarceration during this 53-day period plausibly affected the litigation. No hearings were scheduled; no deadlines were in place. All that happened during the relevant period was that, on October 1, 2012, Dettlaff's former girlfriend filed a motion to reopen the case, asking the court to hold Dettlaff in contempt and to release recorded instruments. A clue to the nature of this motion is set forth in the exhibits Dettlaff attached to his present complaint. According to notes apparently prepared by an agent supervising Dettlaff:

> On October 1, 2012, I was made aware through Supervisor Kause that offender's victim … called to let her know that offender filed a frivolous lein [sic] on the property and she would not be able to close like she had hoped. … She also informed Supervisor Krause that part of this is he is claiming she obtained the title by fraud. They have Court October 23 in Shawano.

(ECF No. 1-1 at 8.)

According to court records, on October 23, 2012, the court granted Dettlaff's former girlfriend's motion, found Dettlaff in contempt, and released the liens. The minutes of that October 23, 2012 hearing reflect that Dettlaff asserted that, as a result of being incarcerated, he missed deadlines with the court of appeals. However, a review of the records of the Wisconsin Court of Appeals fails to indicate any instances of plausible prejudice resulting from his incarceration. There are three appellate actions associated with Shawano County Circuit Court Case Number 2009CV352: 2010AP000665, 2010AP001518, and 2012AP002428. With respect to 2010AP000665, the case had been

closed for years, and although Dettlaff made subsequent periodic requests for reconsideration or to reopen the case, nothing happened between June 2011 and September 2017. As for 2010AP001518, a petition for a writ of mandamus was filed on June 21, 2010 and denied four days later. The last activity in the case was the August 6, 2012 remittitur. Finally, 2012AP002428 was not filed until October 29, 2012, and appears to relate to the circuit court's October 23, 2012 decision. That action was dismissed on June 19, 2013, when Dettlaff failed to timely file a brief in support his appeal.

Because Dettlaff has failed to allege that he suffered any specific prejudice as a result of allegedly being denied access to the courts, his access to the courts claim fails. Therefore, the court will recommend that this claim be dismissed. However, because this defect may be remediable with more specific details, Dettlaff may amend his complaint.

As for Dettlaff's other claims, the court understands him to be alleging that his 53-day incarceration violated his rights to due process. This claim very well may be barred under the statute of limitations. However, it does not appear that the date of his release is included in the documents Dettlaff filed with the court. Nonetheless, he alleges he was taken into custody on August 16, 2012 (ECF No. 1 at 4), and remained in custody for 53 days (ECF No. 1 at 8). Therefore, he was released no later than October 8, 2012. Dettlaff did not file this lawsuit until October 12, 2018. The statute of limitations for an action under 42 U.S.C. § 1983 in Wisconsin at that time was six years. *See Gray v.*

7

Case 2:18-cv-01620-PP   Filed 10/18/18   Page 7 of 10   Document 4

*Lacke*, 885 F.2d 399, 409 (7th Cir. 1989) (applying 6-year statute of limitations under Wis. Stat. § 893.53 to claims under 42 U.S.C. § 1983; effective April 5, 2018, the legislature amended Wis. Stat. § 893.53 to 3-years, 2017 Wis. Act 235). Dettlaff seems to anticipate this statute of limitations problem, asserting that his action is timely "according to the doctrine of continuing injury, continuing harm." (ECF No. 1 at 2 (internal quotation marks omitted).)

Dettlaff's due process claim might also be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Easterling v. Siarnicki*, 435 F. App'x 524, 526 (7th Cir. 2011) (unpublished) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000); *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995)); *but see Metcalf v. Donalds*, No. 10-C-0615, 2012 U.S. Dist. LEXIS 79071, at *10-11 (E.D. Wis. June 7, 2012).

But the court finds that, given the facts of this case, these questions are not appropriately resolved at this preliminary stage.

**IT IS THEREFORE ORDERED** that Dettlaff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Dettlaff's access-to-courts claim be **dismissed**.

**IT IS FURTHER ORDERED** that, within **14 days** of the date of this order, Dettlaff may file an amended complaint with respect to his access the courts claim.

8

Case 2:18-cv-01620-PP   Filed 10/18/18   Page 8 of 10   Document 4

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Even though Dettlaff has been permitted to proceed in forma pauperis in this case, he is still responsible for the cost of serving the complaint on the defendants. Dettlaff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that the all of Dettlaff's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Dettlaff should also retain a personal copy of each document.

Dettlaff is further advised that failure to comply with all deadlines in this matter may have serious consequences which may include the loss of certain rights or the dismissal of this entire action.

In addition, Dettlaff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 18th day of October, 2018.

William E. Duffin
WILLIAM E. DUFFIN
U.S. Magistrate Judge