UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. DETTLAFF,

      Plaintiff,

v.                                        Case No. 18-cv-1620-pp

CARI BOSS, JULIE KRAUSE,
BETHANY SALAMONE, and ERIC J. LOSEE,

      Defendants.

**ORDER ADOPTING RECOMMENDATION (DKT. NO. 4) DISMISSING ACCESS-TO-COURT CLAIM, AND RETURNING CASE TO JUDGE DUFFIN FOR FURTHER PROCEEDINGS**

On October 12, 2018, the plaintiff filed a civil rights complaint under 42 U.S.C. §1983, suing various probation and parole officers. Dkt. No. 1. The case was assigned to Magistrate Judge William E. Duffin, who issued a report, recommending that the court dismiss one of the plaintiff's claims—his claim that his fifty-three-day incarceration for allegedly violating the conditions of his extended supervision denied him access to the courts because it interfered with his ability to pursue litigation he had pending in court. Dkt. No. 4 at 4-7. Judge Duffin noted, however, that he made this recommendation because the plaintiff had not alleged that he suffered any specific prejudice as a result of his alleged denial of access to the courts, and concluded that because the plaintiff might be able to remedy that defect, he would give the plaintiff an opportunity to file an amended complaint. Id. at 7.

1

Judge Duffin ordered the U.S. Marshal's Service to serve the defendants with the complaint (because he allowed the plaintiff to proceed on other claims), id. at 9, and ordered that the plaintiff could file an amended complaint addressing the problem with his access-to-courts claim within fourteen days of Judge Duffin's order (that is, by November 1, 2018 or so), id. at 8.

Because Judge Duffin concluded that one of the plaintiff's claims should be dismissed, and because the defendants have not yet appeared and had the opportunity to decide whether they will consent to the magistrate judge making final decisions in the case, the clerk's office reassigned the case to this court.

On November 2, 2018, the court received a request from the plaintiff to give him more time to file the amended complaint. Dkt. No. 6. The court granted that motion, and extended the deadline for the plaintiff to file the amended complaint until November 15, 2018. Dkt. No. 7. That deadline passed almost three weeks ago, and the court has not received an amended complaint.

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Because the plaintiff did not timely file an amended complaint, and did not object to Judge Duffin's recommendation, this court considers only whether Judge Duffin's recommendation that it dismiss the access-to-courts claim is clearly erroneous. The court concludes that it is not.

A plaintiff who alleges that he was denied access to the courts must explain how the alleged deprivations caused him actual injury. Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009). Judge Duffin reviewed the state court docket, and looked at the fifty-three-day period during which the plaintiff alleges that he was in custody and could not access the courts. Judge Duffin noted that nothing had occurred in the plaintiff's Shawano County Circuit Court Case (No. 2009CV352) or the three associated appellate cases (2010AP000665, 2010AP001518, and 2012AP002428) during that period that would support a claim of actual injury. The plaintiff alleges that the fifty-three-day period started August 16, 2012, which means that it ended around October 8, 2012. The only thing that happened in the circuit court case during that time was that the plaintiff filed a motion to reopen the closed case, and a brief in support of that motion. Case No. 2010AP000665 was closed at that time, as was Case No. 2010AP001518. And the fifty-three-day incarceration had been over for some three weeks by the time he filed the third appellate case, 2012AP002428, on October 29, 2012.

The court agrees with Judge Duffin that the plaintiff did not describe any specific harm that being in custody for fifty-three days caused him in regard to any of those cases. Judge Duffin's recommendation that this court dismiss that claim was not clearly erroneous.

The court **ADOPTS** Judge Duffin's recommendation to dismiss the plaintiff's access-to-courts claim. Dkt. No. 4.

The court **ORDERS** that the plaintiff's access-to-courts claim is **DISMISSED**.

The court **ORDERS** the clerk of courts to **RETURN** the case to Judge Duffin for further proceedings.

Dated in Milwaukee, Wisconsin this 4th day of December, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**